**Gilberto FRANCO, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

v.

**ALLIED INTERSTATE LLC, fka Allied Interstate, Inc., Defendant–Appellee.**

**No. 14–1464–CV.**

United States Court of Appeals, Second Circuit.

May 18, 2015.

Philip D. Stern, (Andrew T. Thomasson, Debora K. Gerads, Thomasson Law, LLC, Jersey City, New Jersey, on the brief), Philip D. Stern, Attorney at Law, LLC, Union, NJ, for Appellant.

Casey Devin Laffey, Reed Smith LLP, New York, NY, for Appellee.

Adina Hyman Rosenbaum, Public Citizen Litigation Group, Washington, D.C., for Public Citizen, Inc.

PRESENT: REENA RAGGI, RICHARD C. WESLEY, and GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Plaintiff Gilberto Franco ("Franco") appeals from the judgment of the district court dismissing his class action as moot. Franco argues that (1) defendant's unaccepted Rule 68 offer did not moot his individual claim, and (2) even if his individual claim were mooted, the class action would not be moot. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

On *de novo* review of the district court's determination of mootness, *see Amador v.*

*Andrews,* 655 F.3d 89, 94–95 (2d Cir.2011), we identify error in light of our most recent controlling precedent, *Tanasi v. New Alliance Bank,* —— F.3d ——, No. 14–1389–cv, 2015 WL 2251472 (2d Cir. May 14, 2015). *Tanasi* makes clear that Franco's individual claim was not mooted by defendant's Rule 68 offer, which did not result in the entry of any judgment against the defendant. *See id.,* at —— – ——, slip op. at 11–13. Because Franco's individual claim was not moot, we need not address whether, had his claims been moot, the class action also would have been moot. *See id.,* at —— – ——, slip op. at 1–2, 12–13.

We therefore VACATE the judgment of the district court and REMAND for further proceedings.